IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tori Keon Thompson,<br><br>     Plaintiff,<br> vs.<br><br>Department of Social Services Director Michael Leach successors and assigns; County of Richland; Department of Motor Vehicles Director Kevin Shwedo successors and assigns; Child Support Services Director Tim Mose successors and assigns; Tony Cantone general counsel; Gayle Watson; Lakesha Jeffries esquire; Jeannette McBride Clerk of Court,<br><br>     Defendants. | Civil Action No. 3:23-cv-5696-CMC<br><br>**ORDER** |

  This matter is before the court on Plaintiff's Complaint, alleging South Carolina's child support statutes are unconstitutional and violate his rights. ECF No. 1. He contends child support payments, ordered by a state court, violate his Fifth Amendment right as a "taking" without just compensation; his constitutional right to travel; family privacy under the Due Process Clause of the Fourteenth Amendment; and separation of powers between executive and judicial branches. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

  On November 30, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 12. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences

if he failed to do so. Plaintiff timely filed objections. ECF No. 18. He also filed a "4th Set Mandatory Judicial Notice" document. ECF No. 20.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be dismissed for the following reasons: Plaintiff fails to allege facts about the named defendants showing they had any involvement in the purported constitutional violations; such claims are barred by the *Rooker-Feldman* doctrine as challenges to child support orders cannot be pursued in federal court after adjudication in state court; and Plaintiff fails to plausibly allege a constitutional violation under any of his theories. ECF No. 12 at 3-5. The Report denies Plaintiff's motion to stay his family court obligations, filed at ECF No. 5.

2

Plaintiff objects "to all of the Magistrate's recommendations in its entirety." ECF No. 18. He begins his specific objections with a sovereign citizen type argument, noting he "is not a U.S. Citizen but a freeman; and a private civilian national of South Carolina union who privately domiciles outside a 'federal zone;' and clothed with exclusively inherent equitable rights not seen by Article One jurisdiction who choice of law is cognizance under Article Three 'judicial power.'" *Id.* at 3. He next contends he does not make a claim under *respondeat superior*, and the named defendants "have all acted or failed to act resulting in trespass and intermeddling in trust res and deprivation of private rights under the guise of color of law." *Id.* at 4. He argues his claims are not barred by *Rooker-Feldman* because his child support order is not a final judicial order, but an ongoing and administrative one that is "void due to lack of personal and subject matter jurisdiction." *Id.*

He claims South Carolina statute § 63-17-10 "is unconstitutional on its face" because it "demands services under color of law from the people who are wrongfully adjudicated through quasi- judicial proceedings and declared a 'non-custodial' parent without adequate proof of legitimate government interest." *Id.* at 7. He explains he has presented to the court information demonstrating the involuntary taking of property for public use by state actors enforcing child support obligations, therefore demonstrating a taking under the Fifth Amendment. *Id.* at 7-10. He has "deposited relevant evidence" that supports the Department of Social Services is "in concert" with Department of Motor Vehicles to suspend Plaintiff's driver's license and therefore his right to travel, "restraining his liberty of locomotion from State to State or use of public roads." *Id.* at 10. Plaintiff contends the right of privacy is of fundamental importance and states he was

3

wrongfully adjudicated a noncustodial parent and ordered visitation privileges only, which removed his "property rights" as related to his children. He asserts a parent is "entitled to the services of the child and the proceeds of his labor." *Id.* at 12. Finally, he contends the protection of the federal Constitution applies "in whatever form in which the legislative power of a state is executed, including an act of any subordinate instrumentality." *Id.* at 14.

Plaintiff also filed a 4th Set Mandatory Judicial Notice containing a contract between SC DSS Child Support Division and the Richland County Clerk of Court; an Amended Name Correction and Age of Majority Petition for Tori Keon Thompson; and a Money Order in his name. ECF No. 20. Plaintiff does not include any explanation of these documents or how they apply to his case or objections.

Plaintiff objects to the Report's finding that he failed to allege facts that would show the named Defendants had any involvement in the alleged constitutional violations. He asserts he is not relying on *respondeat superior*, noting Defendant's are "persons" amenable to suit under § 1983 and "persons having knowledge and having power to prevent or aid in preventing the same, who did not attempt to stop the same, are answerable to any person injured by the conspiracy." ECF No. 18 at 4. The court has reviewed the Complaint *de novo*, and agrees the allegations regarding the named Defendants are conclusory and lack supporting facts.

More importantly, the court agrees with the Report that, to the extent Plaintiff seeks relief from an order of the South Carolina Family Court, Plaintiff's claim is barred by the *Rooker-Feldman* doctrine. Plaintiff contends *Rooker-Feldman* does not apply because the child support

4

order is not a final judicial order, but instead is ongoing and administrative in nature. ECF No. 18 at 4. He asserts federal courts can correct a manifest injustice. *Id.* at 5.

A sister court in North Carolina considered a similar issue regarding a child support order and found the district court "without jurisdiction to review the judicial actions of the [state] family court." *Woolens v. Ruckle/Cliborne*, No. 7:21-CV-216, 2022 WL 1112225, at *3 (E.D.N.C. March 24, 2022). That court held the plaintiff had to bring a challenge to a child support order in the state court, as federal courts could not rule on state court judgments, and collected cases holding similarly. *Id.* ("*See Mendives v. Bexar Cnty.*, No. 5:21-CV-00356-JKP-RBF, 2021 WL 4708079, at *4 (W.D. Tex. June 23, 2021) (finding claims, including a claim under the False Claims Act that plaintiff's ex-wife and her attorney made certain false claims in their application for child support, were barred by the *Rooker-Feldman* doctrine because they "invite district court review and rejection of the state child support [garnishment and custody] judgment....") (citation omitted), report and recommendation adopted sub nom. *Mendives on behalf of R.C.M. v. Bexar Cnty.*, No. SA-21-CV-0356-JKP, 2021 WL 4705175 (W.D. Tex. Oct. 8, 2021); *McAllister v. North Carolina*, No. 5:10-CV-79-D, 2011 WL 883166, at *4 (E.D.N.C. Mar. 11, 2011) (concluding plaintiff dissatisfied with state court child support proceeding may appeal within the state court appellate system and, thereafter, to the United States Supreme Court). This court accordingly overrules Plaintiff's objections, and abstains from interfering with the South Carolina child support order.

Plaintiff's objections to the Report's findings on constitutional issues are replete with sovereign citizen type theories of contract, sureties, and property rights. These sovereign citizen type theories have been recognized by many courts to be "simply wrong" and are therefore

5

consistently overruled. *See, e.g., United States v. Wright,* 797 F. App'x 126, 128 (4th Cir. 2020) ("These [sovereign citizen] arguments are frivolous, and thus, the district court did not err in denying his motions [raising various sovereign citizen theories]."); *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status ... as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."), *cert. denied*, 132 U.S. 1051 (2012); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (Defendant claimed to be a citizen of the "Republic of Idaho" and not a U.S. citizen, and therefore outside the jurisdiction of the United States; however, the court found this argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion."); *United States v. Sloan*, 939 F.2d 499, 501 (7th Cir. 1991) ("Basic to [Defendant's] 'freedom from income tax theory' is his contention that he is not a citizen of the United States," so he is not subject to the jurisdiction of the laws of the United States," which proposition "is simply wrong."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"). Accordingly, Plaintiff's objections regarding the "contract" he entered into for child support, the "property rights" over his children he claims were removed by the family court findings and order, and state family court judges exceeding their powers are overruled.

      The Magistrate Judge also recommends dismissal of Plaintiff's constitutional claims. Specifically, the Report finds Plaintiff did not show a plausible Takings Clause violation because he did not allege private property was taken for public use; he did not allege a plausible violation

of his right to travel because he does not allege he was impeded from traveling to another state or that he has been treated differently as a non-resident; and Plaintiff failed to allege a violation of his right to family privacy because child support payments do not interfere with an identifiable right to family privacy under the Due Process clause. Finally, the Report notes separation of powers under the United States Constitution do not apply to South Carolina state agencies and courts.

Plaintiff objects, but does not respond to the point made by the Magistrate Judge regarding a public taking. He asserts "it is clear that the Takings Clause applies in this special case where a specific interest in tangible and intangible property is at stake," ECF No. 18 at 7, but fails to allege facts showing his private property was taken for public use. He asserts the Department of Social Services and Department of Motor Vehicles have "conspired" to revoke his right to travel by suspending his driver's license and passport, but does not allege he has been denied entry into another state or treated differently in another state. While a lack of driver's license may make it harder to get from one place to another, it is not tantamount to a restriction on a person's right to travel, as Plaintiff may use other means of transportation. As for the alleged invasion of right of privacy, Plaintiff claims he has a right to the "services and labor" of his children, which was restricted when he was adjudicated a non-custodial parent in state family court and "court ordered a mere visitor." *Id.* at 11. The court agrees with the Magistrate Judge child support payments ordered by a state family court do not infringe upon the right to privacy and further, would not be a violation of the Due Process clause as he appears to have received process in the state court. As

noted above, if Plaintiff disagrees with the order of the state family court, the proper channel to challenge such an order is through the state court system.

Finally, the court agrees with the Report it will not interfere with the state court's child support order under the separation of powers doctrine. Plaintiff argues "Department of Social Services and the County of Richland violates the state constitutions when they allowed family court judges to enter into a contractual agreement with the Title IV-D program to issue support orders from the bench exceeding their jurisdictional powers." *Id.* at 15 (errors in original). Plaintiff accordingly acknowledged the **state** constitution is at issue in his argument, not the federal one. This would therefore be a state court issue.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court agrees with the Report's recommendation the matter should be summarily dismissed. Accordingly, the court adopts the Report by reference in this Order. This matter is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 23, 2024

8